McDonald, j.
| zThis is an appeal from a judgment denying unemployment compensation benefits. The plaintiff, David P. Strahan, worked for Earns Electric, LLC for five years. In January of 2010, a property owner sought bids from four companies, including Earns Electric, for work to be done on his property. After receiving four bids, the property owner rejected them all as too high. The lowest was $950. A week later, Mr. Strahan contacted the property owner, found out he had not had the work done, and asked him how much he could afford to pay for it. The property owner responded that his budget was $400. Mr. Strahan then told the property owner he would do the work for that price on the weekends when he was not working for Earns Electric. Mr. Strahan did the work, and after Earns Electric found out about it, he was fired.
Mr. Strahan applied for unemployment compensation benefits with the Louisiana Workforce Commission, which were denied. Mr. Strahan appealed the denial of unemployment compensation benefits to the Administrative Law Judge (ALJ), who ruled that Mr. Strahan was not entitled to benefits and denied his claim. Mr. Stra-han appealed the decision of the ALJ to the Board of Review for the Office of Regulatory Services, which found that the *1027 case had been properly decided by the ALJ, adopted the facts and conclusions of law of the ALJ in full, and affirmed the ALJ’s decision. Mr. Strahan then filed a petition for judicial review of the Board of Review’s findings with the district court, which found that the Board of Review’s decision was supported by its findings of fact, and that its findings were based upon sufficient competent evidence, and dismissed Mr. Strahan’s petition with prejudice.
Mr. Strahan then filed this appeal, asserting that the matter should have been remanded for testimony and documents, and that the evidence did not support the findings.
| ^Appellate review does not entail the weighing of evidence, drawing of inferences, reevaluation of evidence, or substituting the views of this court for those of the referee or Board as to the correctness of facts. The scope of appellate review in this matter is limited to determining whether the facts are supported by sufficient and competent evidence and whether the facts, as a matter of law, justify the action taken. Fontenet v. Cypress Bayou Casino, 2006-0300, p. 4 (La.App. 1 Cir. 6/8/07), 964 So.2d 1035, 1038; La. R.S. 23:1634(B). As in Fontenet v. Cypress Bayou Casino the facts in this case are not in dispute, therefore, we need only determine whether the claimant’s actions constituted “misconduct” as defined by La.R.S. 23:1601(2)(a). Id., 2006-0300 at p. 9, 964 So.2d at 1042.
Based on our review of the law we determine that the facts support a finding of misconduct, as defined by La. R.S. 23:1601(2)(a), as Mr. Strahan was at a competitive advantage by having prepared Earns Electrics’ bid for the job, and he was able to use that information to submit his own bid. Further, while Mr. Strahan asserted that he was allowed to “moonlight” and do jobs on the side on his own time, there was no evidence that Earns Electric had allowed Mr. Strahan to perform jobs that Earns Electric had lost in the bid process.
Therefore, the district court judgment, dismissing the petition for judicial review filed by Mr. Strahan, is affirmed. We make no assessment of costs in this case as Mr. Strahan is exempt. See La. R.S. 23:1692.
AFFIRMED.